*735 OPINION.
Love :
The sole question at issue in the instant case is the value of the second and third mortgages held by the executor, the total balance due on which at date of death of Louis N. Dibble, was $90,605 and which were valued by petitioner in his return at $71,069.75. The Commissioner readjusted the value as shown in the return, to the face value of the balance due.
Edward J. Murphy was appointed by the probate court to appraise the property constituting the estate of Louis N. Dibble. He made such appraisal and made his report to the court, and the same was approved. Murphy has been in the real estate business in Springfield, Mass., where the property in question is located, for thirty-four years, and has bought and sold real estate mortgages, first mortgages, second mortgages, and a few third mortgages. At the time he made the appraisal of the Dibble estate, he was acquainted with the properties involved in the mortgages. As a witness in this case he was shown a certified copy of his report of that appraisal, which he identified, and he testified that the values therein given by him in that report were, in his judgment, the correct market values of the several items therein listed.
In making his return, as executor, the petitioner used the values shown opposite each of the several mortgages involved in Murphy’s report, and as shown in the foregoing tabulated statement.
There are several factors that enter into the appraisal of second real estate mortgages, the amount of the first mortgage as compared with the value of the property mortgaged, the personal responsibility of the payer, and the time the mortgaged debt has tp run.
Murphy qualified as a competent witness on the question of the value of the mortgages here involved, and stating the factors considered and used by him in arriving at his values, so recorded them. The petitioner used the values fixed by Murphy, which we are convinced are correct, and so decide.
Judgment will he entered on 15 days' notice, under Rule 50.